UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Dorian Cortez Thomas,            Case No. 14-57578-MBM
                                                    Chapter 13
                    Debtor.                       Hon. Marci B. McIvor
_____/

**OPINION REGARDING MOTION OF CITIMORTGAGE, INC. FOR
RECONSIDERATION OF THE ORDER DEEMING PROOF OF CLAIM FILED ON
BEHALF OF CITIMORTGAGE, INC., ASF BANK OF AMERICA, NATIONAL
ASSOCIATION (PACER CLAIM 6-1) PAID AND SATISFIED IN FULL**

This matter is before the Court on the Motion of CitiMortgage, Inc. for Reconsideration of an Order Deeming Proof of Claim Filed on Behalf of Citimortgage, Inc. ASF Bank of America, National Association (Pacer Claim 6-1) Paid and Satisfied in Full. That Order was entered by this Court on July 28, 2016. For the reasons stated in this Opinion, the Court concludes that it lacks jurisdiction to decide the Motion.

**Facts**

On November 12, 2014, debtor Dorian Thomas filed a voluntary Chapter 13 bankruptcy petition.

On January 27, 2015, CitiMortgage filed a proof of claim for a note and mortgage held by CitiMortgage on real property located at 19960 Concord, Detroit, Michigan. (Claim 6-1). The claim was secured in the amount of $67,613.07, and included an arrearage of $14,782.39.[1]

On April 15, 2015, Debtor's Chapter 13 Plan was confirmed. The confirmed plan

---

[1] The note was executed on December 5, 1997 to Gehrke Mortgage Corporation in the principal amount of $43,405.00, and secured by a mortgage to Gehrke Mortgage Corporation. The note and mortgage were subsequently assigned to and are currently held by CitiMortgage as servicer for Bank of America, National Association.

provided for payment of CitiMortgage's claim as a Class 4.1 continuing claim under 11 U.S.C. § 1322(b)(5) with the arrearage treated as a Class 4.2 claim. The confirmed plan also paid the unsecured creditors 100% of what they are owed.

Subsequent to confirmation of the Plan and pursuant its terms, the Trustee commenced distributions to the creditors, including CitiMortgage. As of January, 2016, the Trustee had paid CitiMortgage $6,365.18 on its claim.

On January 8, 2016, the Trustee filed an Objection to the CitiMortgage Proof of Claim, asserting that attempts to make payments on the claim had been returned by the U.S. Postal Service as undeliverable and that there was no forwarding address. The Trustee's repeated attempts to locate a valid address were unsuccessful, thus the Trustee was "unable to distribute funds to this Creditor." (Objection to Claim, Dkt. No. 47, ¶¶ 2-4). The Trustee asserted that "[u]nder the circumstances, it appears that Creditor has abandoned its claim against this estate and that Creditior's claim should be deemed satisfied and disallowed to the extent the claim exceeds the amount of $6,365.18." (Dkt. No. 47, ¶ 5).

CitiMortgage did not file a response to the Trustee's Objection to Claim,

On February 24, 2016, pursuant to a certificate of no response filed by the Trustee, the Court entered an Order Deeming Proof of Claim filed on Behalf of CitiMortgage, Inc. ASF Bank of America, National Association (Pacer Claim 6-1) Paid and Satisfied in Full. The Order provided that the Trustee "shall make no further distributions or payments on or in connection with the Claim." (Dkt. No. 49).

On June 30, 2016, Debtor filed Motion to Release CitiMortgage Lien (Dkt. No. 53).

CitiMortgage did not file a response to the Debtor's Motion.

2

On July 28, 2016, pursuant to a certificate of no response filed by Debtor, the Court entered an Order Releasing CitiMortgage Lien from Debtor's Property (Dkt. No. 55).

On August 11, 2016, CitiMortgage filed a Motion for Reconsideration of the July 28, 2016 Order releasing the lien. CitiMortgage asserted that the Order did not release the lien because an action to avoid a lien must be brought by adversary proceeding rather than a contested matter. (Fed. R. Bankr. P. 7001(2)). CitiMortgage also asserted that as a matter of law, the lien survives the bankruptcy. (Dkt. No. 59).

On September 1, 2016, subsequent to a hearing on the matter, the Court granted CitiMortgage's Motion for Reconsideration and vacated the July 28, 2016 Order releasing the lien.

On September 7, 2016, Debtor filed a Motion for Voluntary Dismissal of his bankruptcy case.

On September 7, 2016, the Court entered an Order Granting the Motion for Voluntary Dismissal. The Dismissal Order does not include any provisions providing that the Court retain jurisdiction of any pending matters.

On September 14, 2016, CitiMortgage filed the present Motion for Reconsideration of the Court's February 24, 2016 Order deeming CitiMortgage's claim paid and satisfied in full. (Dkt. No. 75).

## Analysis

The effect of an order of dismissal is governed by 11 U.S.C. § 349, which provides in relevant part:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title--

(1) reinstates--

> (A) any proceeding or custodianship superseded under section 543 of this title;
>
> (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and
>
> (C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

"The scope of § 349(b) is broad, and serves to undo the bankruptcy case to the extent possible—to put all parties in the positions they were in before the case was filed. S.Rep. No. 95–989, 49, reprinted in 1978 U.S.C.C.A.N. 5787, 5835 ('the basic purpose of [section 349(b) ] is to undo the bankruptcy case, as far as is practicable, and to restore all property rights to the position in which there were found at the commencement of the case')." *In re Hamilton*, 493 B.R. 31, 38 (Bankr. M.D. Tenn. 2013) (and cases cited therein). "Dismissal allows creditors and debtors to get on with their non-bankruptcy business and resolve their disputes in appropriate fora. Among other things, dismissal generally ends the automatic stay and revests property of the estate in the entity in which such property was vested immediately before the commencement of the case. 11 U.S.C. §§ 349(b)(3) and 362(c)(1) and (2)(B)." *Aheong v. Mellon Mortgage Co. (In re Aheong)*, 276 B.R. 233, 239 (9th Cir. B.A.P. 2002). "As a general rule, a bankruptcy court lacks jurisdiction over proceedings related to a debtor's bankruptcy after the dismissal of a debtor's petition." *In re Matthews*, 2012 WL 33213, *2 (Bankr. E.D. Pa.)(citations omitted).

There are certain exceptions to the general rule that a dismissal divests the bankruptcy

court of jurisdiction to consider post dismissal matters. As summarized by the bankruptcy court in *In re Matthews*,

> Upon dismissal, § 349(b)(3) provides that ownership of estate property shall be vested in the entity that held the property immediately prior to the commencement of the case. 11 U.S.C. § 349(b)(3); *In re Lewis*, 346 B.R. 89, 104 (Bankr.E.D.Pa.2006). The automatic vesting occurs automatically unless, consistent with § 349(b), a bankruptcy court "for cause, orders otherwise." 11 US.C. § 349(b). By ordering otherwise, a bankruptcy court may therefore retain jurisdiction over the administration of a debtor's estate subsequent to the dismissal of a debtor's petition. *Id*. at 101. **Therefore, the lynchpin of whether a court retains jurisdiction pursuant to the § 349(b) exception is whether a bankruptcy court issued an order prior to or concurrent with dismissal providing for it to retain jurisdiction over the administration of a debtor's estate**.

*Id*. (emphasis added). Beyond the express retention of jurisdiction, the Ninth Circuit Court of Appeals has explained that, post dismissal, the bankruptcy court retains jurisdiction to "interpret" its orders entered prior to dismissal and "to dispose of ancillary matters such as an application for an award of attorney's fees for services rendered in connection with the underlying action" but not to grant "new relief independent of its prior rulings." *Tsafaroff v. Taylor (in re Taylor)*, 884 F.2d 478, 481 (9th Cir. 1989).

In the present case, CitiMortgage seeks reconsideration of this Court's February 16, 2016 Order deeming CitiMortgage's claim paid and satisfied in full. At the time the Motion was filed, Debtor's case had already been dismissed. Because the Order dismissing the case did not expressly retain jurisdiction for any purpose, and CitiMortgage's Motion seeks relief beyond merely interpreting a prior order issued by this Court, this Court lacks jurisdiction to decide the present Motion.

The Court notes that CitiMortgage is not prejudiced by this Court's conclusion that it lacks jurisdiction to reconsider an order it entered 6 ½ months prior to the entry of the Order of

5

14-57578-mbm    Doc 78    Filed 09/22/16    Entered 09/22/16 13:46:17    Page 5 of 6

Dismissal. On September 1, 2016, the Court entered an Order vacating the July 28, 2016 Order which released CitiMortgage's lien. CitiMortgage therefore *retains* its lien (mortgage) against the property located at 19960 Concord, Detroit, Michigan. Because Debtor has dismissed his case, CitiMortgage is free to pursue any state law remedies arising out of its contractual agreements with Debtor.

### **Conclusion**

For the reasons set forth above, the Court has no jurisdiction to rule on CitiMortgage's Motion for Reconsideration.

.

Signed on September 22, 2016

                                        /s/ Marci B. McIvor
                                        Marci B. McIvor
                                        United States Bankruptcy Judge